**Paul SPARKS, Petitioner–Appellant,**

v.

**John VANNATTA,\* Respondent–Appellee.**

**No. 04–1446.**

United States Court of Appeals, Seventh Circuit.

Submitted June 17, 2004.\*\*

Decided June 18, 2004.

---

\* John VanNatta, the current warden of the Miami Correctional Facility where Sparks is presently confined, has been substituted for Stanley Knight as respondent pursuant to Fed. R.App. P. 43(c)(2).

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**46**

Paul Sparks, Bunker Hill, IN, pro se.

Frances Barrow, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

A Conduct Adjustment Board of the Miami Correctional Facility in Bunker Hill, Indiana, found inmate Paul Sparks guilty of conspiring to commit "unauthorized alteration of property" and sanctioned him with the loss of earned credit time. Sparks petitioned for habeas corpus relief under 28 U.S.C. § 2254, arguing that the CAB violated his due process rights and its own procedural rules. The district court denied Sparks' petition, concluding that the hearing was constitutionally sufficient, and we affirm.

The charges against Sparks stemmed from a search of his cell during which a prison investigator discovered a pair of altered shower shoes in the property box of Sparks's cellmate. The sole of the right shoe had been hollowed out and contained two cigarettes wrapped in plastic. The investigator interviewed Sparks's cellmate, who stated that one of the cigarettes was his but that the other one and the shoes themselves belonged to Sparks. The investigator then spoke to Sparks, who stated that the shoes and both cigarettes belonged to him. Based on this information, the investigator prepared a conduct report charging Sparks with conspiring to alter personal property without authorization.

Sparks was notified of the charge against him five days before his hearing, and he requested one witness, his cellmate. At the hearing, Sparks signed a Report of Disciplinary Hearing stating "I waive my witness" and denying that he ever admitted ownership of the shoes or the cigarettes. The CAB, however, found Sparks guilty based on the conduct report, the

investigation report, and photographs of the shoes and cigarettes, and sanctioned him with the loss of 180 days' earned credit time. Sparks appealed his conviction to the Superintendent and the Final Reviewing Authority, both of whom denied the appeal after concluding that there had been no procedural or due process errors.

Sparks then filed a petition for a writ of habeas corpus with the district court. He alleged that his due process rights had been violated because the CAB had "refused to contact witnesses with personal knowledge of the incident," and because he was not shown the investigating officer's statement at least 24 hours before the hearing. He also asserted generally that the CAB had violated several of the rules in the Indiana Adult Disciplinary Procedures ("ADP"), including those governing the preparation of conduct reports and scheduling of hearings. The district court denied Sparks's petition, stating that he had received constitutionally sufficient notice of the charges against him and that any violations of the ADP were state-law issues that could not be the subject of a habeas petition.

■ Sparks's contentions on appeal are somewhat unfocused, but he appears to argue that the CAB denied him the right to call two correctional officers as witnesses in his defense. It is true that prisoners have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals. *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003). However, a prisoner waives this right if he does not identify his witnesses before the hearing, *Miller v. Duckworth,* 963 F.2d 1002, 1004 n. 2 (7th Cir. 1992), and the only witness Sparks requested was his cellmate. Sparks does not deny that he later explicitly waived even that request in writing. Accordingly, his due process rights were not violated.

■ Sparks also makes an undeveloped argument that the CAB erred when it failed to give him a copy of the investigating officer's statement prior to the hearing. Apparently, Sparks believes that this violated his right to 24–hours' notice of the charges against him under *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). *Wolff,* however, entitles a defendant only to advance notice of the information needed to prepare a defense, namely the number of the rule allegedly violated and a summary of the facts underlying the charge. *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). The record reflects, and Sparks does not contest, that five days before the hearing he was informed in writing of the factual allegations against him and the number of the rule under which he was charged. This fully comports with the notice required by due process.

Accordingly, the judgment of the district court is AFFIRMED.